UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHAWN D. GIBSON,

    Petitioner,

v.                                         Case No. 5:22cv243-TKW-HTC

KENIN D. PISTRO,
KENDES ARCHER,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Shawn Gibson, proceeding *pro se*, initiated this matter by filing a petition under 28 U.S.C. § 2241, ECF Doc. 1, and paying the filing fee, ECF Doc. 2. The Court has screened the petition under Rule 4 of the Rules Governing § 2254 Cases,[1] and finds Petitioner has not stated a claim under § 2241. Therefore, the undersigned recommends the action be DISMISSED pursuant to Rule 4.

Gibson is a prisoner at FCI Marianna challenging the prison's refusal to treat his opioid use disorder with methadone rather than vivitrol and its refusal to start treatment earlier than a year before his release. Such a claim, however, which arises out of the conditions of confinement, is not cognizable in habeas because such a

---

[1] The Rules Governing § 2254 Cases apply to cases under 28 U.S.C. § 2241 as well. N.D. Fla. Loc. R. 5.7(C).

claim does not entitle petitioner to be released from prison. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core" of habeas corpus). The sole function of habeas corpus "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." *Cook v. Hanberry,* 592 F.2d 248, 249 (5th Cir. 1979), *revised by* 596 F.2d 658 (5th Cir.1979).[2] Thus, "[h]abeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." *Id.*

Instead, such allegations by a federal prisoner may be appropriate in a civil rights complaint filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971).[3] *See Helbig v. United States*, No. 4:18-CV-449-WS/MJF, 2019 WL 3976571, at *2 (N.D. Fla. July 31, 2019), *report and recommendation adopted*, No. 4:18CV449-WS/MJF, 2019 WL 3976314 (N.D. Fla. Aug. 22, 2019) (finding claim of improper dental care is not cognizable under § 2241, and should be brought under *Bivens* because even if petitioner were to prevail she would not be

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the Fifth Circuit before the close of business on September 30, 1981.

[3] Petitioner may file a new action under *Bivens* by filing a complaint on the right Court form and paying the $402.00 filing fee or filing a motion to proceed *in forma pauperis*. The Court, however, is not making any determination as to whether such a claim would survive screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915*, et seq.*

Case No. 5:22cv243-TKW-HTC

entitled to a reduction in her sentence); *Rodriguez v. Wells*, 2009 WL 1024575, at *2–3 (S.D. Ga. Apr. 14, 2009) (holding that a *Bivens* action, rather than a 2241 petition, is the proper vehicle for a federal inmate to challenge his ineligibility to participate in drug treatment programs); *Muhummad v. William-Humble*, 380 F. App'x 925, 926-27 (11th Cir. 2010) (*Bivens* permits "injured plaintiffs [to] bring a cause of action for damages against federal officers based on violations of their constitutional rights," much like a 1983 suit permits claims against state officials) (citing *Behrens v. Regier*, 422 F.3d 1255, 1263 & n.15 (11th Cir. 2005)).

Accordingly, it is RECOMMENDED, that:

1. This action be DISMISSED pursuant to Rule 4 of the Rules Governing § 2254 Cases.

2. The clerk of court be directed to close the file.

At Pensacola, Florida, this 31st day of October, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.